IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION - BOSTON

| | |
|---|---|
| VANESSA CAMPBELL,<br><br>Plaintiff,<br><br>-against-<br><br>SANTANDER CONSUMER USA, INC. d/b/a CHRYSLER CAPITAL, JOHN DOE FORWARDER and EASTERN RECOVERY, INC.<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff VANESSA CAMPBELL (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, LLC, against Defendant SANTANDER CONSUMER USA, INC. d/b/a CHRYSLER CAPITAL, Defendant JOHN DOE FORWARDER and Defendant EASTERN RECOVERY, INC. (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally breached the peace and

repossessed her vehicle from the Plaintiff's private driveway without the Plaintiff's consent, thereby violating several separate provisions of Massachusetts law. Plaintiff also brings a claim against Defendants Eastern Recovery, Inc. and John Doe Forwarder for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, punitive damages, as well as attorneys fees and costs.

**PARTIES**

5. Plaintiff is a natural person and a resident of Suffolk County, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Santander Consumer USA, Inc. d/b/a Chrysler Capital (hereinafter "Chrysler") is an automobile financing company with its principal office located in Dallas, Texas.

7. Defendant Eastern Recovery, Inc. (hereinafter referred to as "Eastern Recovery"), is a repossession company, with its principal place of business in Smithfield, Rhode Island.

8. Upon information and belief, Defendant Eastern Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Eastern Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant JOHN DOE FORWARDER, ("Doe Forwarder"), is an unknown entity that, upon information and belief, is engaged in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders. Plaintiff will amend this Complaint to substitute Doe Forwarder's true name when discovered.

11. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Doe Forwarder is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.
13. The Plaintiff owns a 2020 Jeep Grand Cherokee, which was financed with a loan through Chrysler.
14. The Plaintiff purchased and used the Grand Cherokee for her personal use and enjoyment.
15. The Chrysler loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).
16. Sometime prior to December 18, 2025, the Plaintiff fell behind on her obligations to Chrysler after Chrysler kept sending back the payments she was sending them.
17. As a result, Chrysler contracted with Eastern Recovery - either directly or through an intermediary, commonly referred to in the repossession industry as a "middleman" and herein identified as John Doe Forwarder - to repossess the Plaintiff's vehicle.
18. On December 18, 2025, at approximately 10:00 p.m., Plaintiff was inside her home when she was alerted by the sound of a vehicle alarm, looked out her window and observed a tow truck – later identified as belonging to Defendant Eastern Recovery – on her private property, attempting to repossess Plaintiff's vehicle from where she had left it lawfully parked in the private driveway of her home in Dorchester, MA, which is private property that Plaintiff owns.
19. Defendants' repossession agent illegally entered onto the Plaintiff's private driveway in order to repossess the Plaintiff's vehicle.
20. Plaintiff immediately asked her adult daughter, Shania Barboza ("Ms. Barboza"), to go

outside and speak to the Defendants' repossession agent while Plaintiff finished dressing.

21. Ms. Barboza immediately went outside and objected to the repossession and told Defendants' repo agent he could not take Plaintiff's vehicle at that time.

22. Plaintiff then exited her home and objected to the repossession and told Defendants' repo agent to cease the repossession efforts.

23. Defendants' repo agent refused and told the Plaintiff that since the repossession was already in progress, he was unable to stop the repossession.

24. Despite Plaintiff's clear and unequivocal objections and those of Ms. Barboza, Defendants' repo agent successfully repossessed the Plaintiff's vehicle from Plaintiff's private driveway.

25. Plaintiff never consented to the Defendants' entry upon her private property, and the Defendants thereby trespassed by unlawfully entering Plaintiff's property.

26. Defendants' representatives never once asked the Plaintiff for consent to enter upon her private property and certainly made no such request prior to entering upon that private property and hooking up their tow truck to Plaintiff's vehicle parked in Plaintiff's private driveway.

27. As a result of Defendants' unlawful trespass and repossession of Plaintiff's Vehicle, Plaintiff was deprived of her vehicle, which was never returned to the Plaintiff and was ultimately sold.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Defendant Eastern Recovery and John Doe Forwarder)**

28. Plaintiff repeats, reiterates and incorporates the allegations contained paragraphs 5-27

above herein with the same force and effect as if the same were set forth at length herein.

29. Plaintiff brings this Count against Defendants Eastern Recovery and John Doe Forwarder.

30. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

31. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C) the property is exempt by law from such dispossession or disablement.

32. At the time of the repossession, the Plaintiff's vehicle was parked on her private property during the time that the Defendants unlawfully repossessed her vehicle.

33. To repossess the Plaintiff's vehicle, the Defendants trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

34. Plaintiff never consented to the Defendants' entry upon her property to repossess her vehicle, and certainly never provided any such consent at the time of the entry.

35. To repossess the Plaintiff's vehicle, the Defendants also illegally breached the peace in violation of M.G.L. c. 106, § 9-609 which only allows repossessions that can be accomplished without a breach of the peace.

36. Defendants breached the peace when they illegally trespassed on the Plaintiff's private

property in an effort to repossess the Plaintiff's vehicle, and when they continued with the repossession of the Plaintiff's vehicle over Plaintiff's objections.

37. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property and after the Defendants breached the peace and were prohibited from repossessing it.

38. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property and after the Defendants had breached the peace, Plaintiff's vehicle was clearly exempt from repossession or disablement.

39. As a result, Defendants Eastern Recovery and John Doe Forwarder violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle.

40. By illegally repossessing that vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and subjecting the Plaintiff to false, deceptive, unfair, or unconscionable means of collecting a debt.

41. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by trespassing on her private property, and by depriving the Plaintiff of her property and the right to pre-repossession judicial process.

42. By reason thereof, Defendants Eastern Recovery and John Doe Forwarder are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL TRESPASSORY REPOSSESSION**
**M.G.L. c. 255B, § 20B *et seq.***
**(Against All Defendants)**

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 5-27 above herein with the same force and effect as if the same were set forth at length herein.

44. Plaintiff brings this Count against all Defendants.

45. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

46. On or about December 18, 2025, Eastern Recovery repossessed the Plaintiff's vehicle on behalf of Chrysler by entering the Plaintiff's private property to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

47. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

48. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## COUNT III

**BREACH OF THE PEACE REPOSSESSION**
**M.G.L. c. 106, § 9-609 *et seq.***
**(Against All Defendants)**

49. The Plaintiff repeats and re alleges paragraphs 5-27 of this Complaint and incorporates the

same herein.

50. Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

51. Defendants breached the peace when they illegally trespassed on the Plaintiff's private property in an effort to repossess the Plaintiff's vehicle, and when they continued with the repossession of the Plaintiff's vehicle over Plaintiff's objections.

52. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass. L. Rptr. 183 (Mass. Super. April 14, 2017). As such, Eastern Recovery's breaches of the peace are imputed upon Chrysler.

53. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## **COUNT IV**

**UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE**
**M.G.L. c. 93A, § 9, *et seq.***
**(Against All Defendants)**

54. Plaintiff repeats and re alleges the paragraphs 5-27 of this Complaint and incorporates the same herein.

55. At all relevant times, the Defendants were engaged in trade or commerce.

56. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with Chrysler via non judicial repossession of the vehicle without a present right to

possession and in violation of chapter 255B § 20B., M.G.L. c. 106, § 9-609, M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

57. More than thirty days before this lawsuit was filed a demand letter was mailed to each of the Defendants, setting forth Plaintiff's claim under General Laws c. 93A.

**COUNT V**

**CONVERSION**
**(Against All Defendants)**

58. Plaintiff repeats and re alleges paragraphs 5-27 of this Complaint and incorporates the same herein.

59. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle by illegally trespassing on the Plaintiff's private property and by illegally breaching the peace.

60. The Defendants then held Plaintiff's vehicle for an extended period of time, thereby exercising control over the Plaintiff's property.

61. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff by depriving the Plaintiff of her vehicle. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and possessions, and by subjecting her to unfair and unconscionable means to collect a debt.

62. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration, embarrassment and wasted time.

63. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and

attorneys' fees.

## DEMAND FOR TRIAL BY JURY

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff her actual damages incurred;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 16, 2026

By: /s/ Kevin Crick
Kevin Crick, Esq. BBO: 680950
Rights Protection Law Group, PLLC
75 State Street, Suite 100
Boston, MA 02109
Phone: (844) 574-4487
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@marcuszelman.com
**Pro Hac Vice Motion to be Filed**
*Attorney for Plaintiff*